FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 08 2022

TAMMY H. DOWNS, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ANANYA DUTTA                                                                    PLAINTIFF

V.                         CASE NO. 3:22-CV- 00095-DPM

UNITED STATES STEEL CORPORATION                                        DEFENDANT

## ORIGINAL COMPLAINT

COMES NOW Ananya Dutta, by and through her attorney Chris Burks of WH LAW, for her Complaint against United States Steel Corporation, she does hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's intentional misclassification of Plaintiff as exempt from FLSA and AMWA maximum hours requirements under the provisions of 29 U.S.C. § 213.

2. Plaintiff did not meet the exemption requirements of 29 U.S.C. § 213 and should have been classified as non-exempt from the FLSA overtime premium requirements.

3. As a result of Defendant's intentional misclassification, Plaintiff was not paid the legally required overtime premium when she worked more than forty (40) hours in any one-week period.

This case assigned to District Judge Marshall
and to Magistrate Judge Volpe

4.  Plaintiff also brings this action for violations of the Equal Pay Act, 29 U.S.C. § 206(d), ("EPA") and the Arkansas Civil Rights Act (hereafter called "ACRA") A.C.A. §§ 16-123-108(b) paying Plaintiff an unlawful wage on the basis of her sex, which is female.

5.  Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA, AMWA, EPA, and ACRA as described, *infra*.

## II.   JURISDICTION AND VENUE

6.  The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA and EPA.

7.  Plaintiff's claims under the AMWA and ACRA form part of the same case or controversy and arise out of the same facts as the FLSA and EPA claims alleged in this Complaint.

8.  Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA and ACRA claims pursuant to 28 U.S.C. § 1367(a).

9.  The acts complained of herein were committed and had their principal effect against Plaintiff within the Northern Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

10. Defendant exists in this district and a substantial part of the events alleged herein occurred in this District.

11. The witnesses to overtime and unequal pay violations alleged in this Complaint reside in this District.

12. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

### III. THE PARTIES

13. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14. Plaintiff Ananya Dutta is a resident of Michigan.

15. Plaintiff worked for Defendant in Arkansas within the three (3) years preceding the filing of this Complaint.

16. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA, AMWA, EPA, and ACRA.

17. Defendant is foreign for-profit corporation that is registered and licensed to do business in the state of Arkansas.

18. Defendant's registered agent for service of process in Arkansas is Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201.

19. Defendant United States Steel Corporation is an "employer" within the meanings set forth in the FLSA, EPA, ACRA, and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

20. Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

21. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this complaint.

22. Within the past three (3) years preceding the filing of this Complaint, Defendant continuously employed at least four employees, including Plaintiff.

### IV.   FACTUAL ALLEGATIONS—EPA AND ACRA CLAIMS

23. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

24. Defendant is an international corporation that operates facilities across the United States of America.

25. Plaintiff was employed for three years at Defendant's Big River Steel facility, located in Osceola, AR, until she was terminated on February 8, 2021.

26. During her employment, Plaintiff, a female Level 2 Automation Engineer, was paid $60,000.00 a year.

27. Male Level 2 Automation Engineers were paid $120,000.00 a year, in spite of the fact that they held the same title as Plaintiff and their roles were interchangeable and identical in skill, effort, responsibility, and working conditions to that of Plaintiff.

28. The difference in salary between Plaintiff and male engineers who held an equivalent title, had equivalent work and educational history, and performed identical tasks, was a result of Defendant's common practice of paying female engineers less than male engineers who performed equivalent duties.

## V. FACTUAL ALLEGATIONS – FLSA AND AMWA CLAIMS

29. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

30. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as a Level 2 Automation Engineer.

31. Plaintiff and similarly situated salaried engineers regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

32. Plaintiff and other similarly situated salaried employees typically worked between fifty (50) and sixty (60) hours per work. This included regular on-call shifts during which they were required to use their phones and computers to respond to requests and issues while out of the office.

33. Regardless of the number of hours Plaintiff and other similarly situated salaried employees actually worked in a given workweek, they received a set salaried pay rate from the Defendant.

34. Plaintiff's job duties as an engineer included installing, maintaining, troubleshooting, repairing and improving software systems

35. Defendant treated and classified Plaintiff as exempt from FLSA and AMWA maximum hour requirements under 29 U.S.C. § 213.

36. Plaintiff's job duties and responsibilities did not qualify her as exempt from FLSA and AMWA maximum hour requirements, as she did not meet the exemption requirements under 29 U.S.C. §213.

37. At all relevant times, Plaintiff's primary duties did not include the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications.

38. At all relevant times, Plaintiff's primary duties did not include the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications.

39. At all relevant times, Plaintiff's primary duties did not include the design, documentation, testing, creation, or modification of computer programs related to machine operating systems.

40. At all relevant times, Plaintiff's primary duties did not include a combination of the duties described in the three preceding paragraphs, and requiring the same level of skills.

41. At all relevant times, Plaintiff did not have the primary duty of managing the enterprise in which he was employed, or managing a customarily recognized department or subdivision thereof.

42. At all relevant times, Plaintiff did not have the authority to hire or fire other employees, and her suggestions and recommendations to the hiring, firing, advancement, or promotion of employees were not given particular weight.

43. At all relevant times, Plaintiff did not have the authority to formulate, affect, interpret, or implement management policies or operating practices of Defendant or Defendant's customers.

44. At all relevant times, Plaintiff's primary duties did not include carrying out major assignments directly related to management of the operations of Defendant's business or Defendant's customers.

45. At all relevant times, Plaintiff's primary duties did not include work that affect the business operations of Defendant or Defendant's customers to a substantial degree.

46. At all relevant times, Plaintiff did not have the authority to commit Defendant or Defendant's customers in matters that had significant financial impact.

47. At all relevant times, Plaintiff did not have authority to waive or deviate from established policies and procedures without prior approval.

48. At all relevant times, Plaintiff did not have authority to negotiate and bind Defendant or Defendant's customers on significant matters.

49. At all relevant times, Plaintiff did not have a primary duty of providing consultation or expert advice to the management of Defendant or Defendant's customers.

50. At all relevant times, Plaintiff was not involved in planning the long- or short-term business objectives of Defendant or Defendant's customers.

51. At all relevant times, Plaintiff did not investigate and resolve matters of significance on behalf of the management of Defendant or Defendant's customers.

52. At all relevant times, Plaintiff did not represent Defendant in handling complaints, arbitrating disputes, or resolving grievances.

53. At all relevant times, Plaintiff did not have the authority to make independent choices, free from immediate direction or supervision.

54.     At all relevant times, Plaintiff's primary duties consisted of applying well-established techniques, procedures. or specific standards described in manuals or other sources.

55.     Throughout the Relevant Time Period, Plaintiff did not have the primary duty of performing office or non-manual work directly related to the management or general business operations of Defendant or Defendant's customers.

56.     Throughout the Relevant Time Period, Plaintiff did not have a primary duty that included the exercise of discretion and independent judgment with respect to matters of significance.

57.     Throughout the Relevant Time Period, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213(a)(1).

58.     At all relevant times, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213(a)(1).

59.     At all relevant times, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213(a)(1).

56.     At all relevant times, Plaintiff was not employed as a "computer professional" within the meaning of 29 USC § 213(a)(17).

57.     At all times during the Relevant Time Period, Plaintiff was not exempt from the maximum hour requirements of the FLSA and AMWA by reason of any FLSA or AMWA exemption.

58.     Defendant violated the FLSA and AMWA by not misclassifying Plaintiff and other similarly-situated salaried employees as exempt from FLSA and AMWA provisions, and failing to pay them overtime for hours worked over forty (40) in a given work week.

59. The pay practices that violate the FLSA and AMWA alleged herein was a centralized human resources policy implemented uniformly from Defendant's corporate headquarters.

60. Defendant knew or showed reckless disregard for whether the way they paid Plaintiff violated the FLSA and AMWA.

61. At the time Plaintiff was terminated by Defendant, she had accrued a balance of paid time off through the course of her employment.

62. Defendant failed to pay Plaintiff for her accrued paid time off that she contracted and gave consideration for with the Defendant.

63. As a result of Defendant's policies and practices, Plaintiff was damaged in the form of not being paid for time she accrued and was promised.

### VI. FIRST CLAIM FOR RELIEF
(Individual Claim for Violation of the EPA)

64. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

65. Pursuant to 29 U.S.C. 206(d)(1), employers cannot discriminate on the basis of sex by paying wages to employees of an opposite gender less than the other gender for equal work performed.

66. During the relevant time period, Plaintiff was discriminated against on the basis of her sex by being paid wages at a rate less that the rate at which Defendants pays wages to employees of the opposite sex for equal work on jobs the performance of which require equal skill, effort, and responsibility, and which are performed under similar working conditions.

67. The unlawful employment practices complained of above were and are intentional.

## VII.     SECOND CLAIM FOR RELIEF
### (Individual Claim for Violation of ACRA)

68.  Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

69.  Defendant engaged in unlawful employment practices at their facility in Eastern District of Arkansas, Northern Division, in violation of Ark. Code Ann. § 6-123-108(b), *et seq.*

70.  Specifically, Defendant discriminated against Plaintiff on the basis of her sex by paying her wages a rate less than the rate at which Defendant pays wages to employees of the opposite sex for equal work on jobs the performance of which require equal skill, effort, and responsibility, and which are performed under similar working conditions.

71.  At all relevant times, Plaintiff was a female and was performing jobs of equal skill, effort, and responsibility to those of male engineers who were paid a higher wage by Defendants.

72.  The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender.

73.  The unlawful employment practices complained of above were and are intentional.

74.  The unlawful employment practices complained of above were done with reckless indifference to the statutorily protected rights of Plaintiff.

75.  Pursuant to the Arkansas Civil Rights Act, as amended, Plaintiff is entitled to, and she seeks, the sum of her back pay wages or salary, plus any interest she is entitled to for these causes because Defendant's violations were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of the ACRA.

76.  Plaintiff should be awarded attorneys' fees pursuant to A.C.A. § 16-123-105.

## VIII.  SECOND CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

77. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

78. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

79. During the period relevant to this lawsuit, Defendant misclassified Plaintiff as exempt from the maximum hour requirements of the FLSA under the provisions of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

80. Based on Plaintiff's job duties and responsibilities, she should have been classified as a non-exempt employee, as she did not meet the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

81. Plaintiff was at all times entitled to the protections of FLSA and AMWA, including a lawful overtime payment of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

82. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

83. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

84. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

85. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

86. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

87. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

88. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

89. Defendant misclassified Plaintiff as meeting the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

90. Plaintiff did not meet the exemption requirements of 29 U.S.C. § 213.

91. Plaintiff should have been classified as non-exempt from FLSA and AMWA maximum hours requirements.

92. As a result of this misclassification, Plaintiff was not paid a lawful overtime wage for hours worked over forty (40) in a one week period.

93. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

94. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

95. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## X.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Ananya Dutta, respectfully prays that Defendant be summoned to appear and to answer herein as follows:

a) That Defendant be required to account to Plaintiff for all of the hours worked by Plaintiff and all monies paid to them;

b) A declaratory judgment that Defendant's practices violate the Equal Pay Act, 29 U.S.C. § 206(d), et seq. and the related regulations;

c) A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Civil Rights Act, A.C.A. § 16-123-108 et seq. and the related regulations;

d) Judgment for damages pursuant to the Equal Pay Act and Arkansas Civil Rights Act for all compensation and damages owed to Plaintiff;

e) A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

f) A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

g) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

h) Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

i) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

j) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

k) An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees, and all costs connected with this action; and

l) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

ANANYA DUTTA,
PLAINTIFF

wH Law, PLLC
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891–6000

By: _____
Chris W. Burks (ABN: 2010207)
chris@whlawoffices.com