IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ANANYA DUTTA                                                                                       PLAINTIFF

v.                                    Case No. 3:22-CV-00095-DPM

BIG RIVER STEEL LLC                                                                         DEFENDANT

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL WITH PREJUDICE**

Plaintiff Ananya Dutta and Defendant Big River Steel LLC ("BRS") jointly move for approval of the settlement of Dutta's wage-and-hour claims and for dismissal of this action with prejudice and, in support, state:

1. Dutta has a Masters of Science in Computer Engineering, a Masters of Technology in Electronics and Communication Engineering, and a Bachelor of Engineering, Electrical and Electronics Engineering. She was employed as an Engineer at BRS's Osceola, Arkansas, facility from approximately January 15, 2018, to February 8, 2021. Her primary job duties included troubleshooting, improving, and maintaining the Level 2 automation system in the Cold Mill.

2. Dutta claims that BRS misclassified her as exempt from the minimum wage and overtime requirements under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq*.

3. Dutta further alleges that BRS paid her less than her male counterparts because of her gender in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), and the Arkansas Civil Rights Act ("ACRA"), Ark. Code Ann. § 16-123-108(b).

4. BRS disputes that it misclassified Dutta as exempt from the minimum wage and overtime requirements under the FLSA and AMWA. BRS asserts that Dutta's education, training,

1

and job duties qualify her for the professional exemption. 29 C.F.R. § 541.301(a); *see* Ark. Admin. Code 235.01.1-106(B)(1)(a) (incorporating 29 C.F.R. Part 541).

5.     BRS disputes that it paid Dutta less than her alleged male counterparts because of her gender in violation of the EPA and ACRA. BRS is an equal employment opportunity employer which does not discriminate against any employee on the basis of sex, sexual orientation, or gender identity. BRS asserts that Dutta did not have the same job title and duties as other engineers and that her compensation was lower than that of other engineers for reasons other than gender, including seniority and experience.

6.     A bona fide dispute as to liability exists.

7.     Following negotiations between counsel, the parties have entered into a Settlement Agreement and Release of Fair Labor Standards Act, Arkansas Minimum Wage Act, and Equal Pay Act Claims (the "Settlement Agreement"). The parties now request dismissal of this action, in full, with prejudice. A copy of the proposed Settlement Agreement is attached as Exhibit 1.

8.     Circuits are split on whether a private settlement of an FLSA claim requires court approval. *Compare Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (enforcing settlement reached without judicial or Department of Labor approval), *with Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding FLSA settlements require approval from the district court or Department of Labor), *and Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (same). The Eighth Circuit has not decided this issue. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019).

9.     "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores*, 679 F.2d at 1353. In reviewing

a settlement for fairness, courts first "consider whether the compromise is fair and reasonable to the employee." *Sims v. Goodwill Industries of Arkansas, Inc*., No. 4:19-cv-00289-KGB, 2019 WL 5957177, at *2 (E.D. Ark. Nov. 12, 2019). "If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA." *Id*. "The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace." *Id*.

10.  Courts regularly approve FLSA settlements reached as a result of contested litigation to resolve bona fide disputes. *See Lynn's Food Stores*, 679 F.2d at 1353–54, n.8. The adversarial nature of litigated FLSA cases generally suffices to show the fairness of the settlement. *See id.* at 1354 (contrasting settlements made in the context of a lawsuit, which provide "some assurance of an adversarial context," with settlements outside the context of a lawsuit, which are in "clear derogation…of the FLSA").

11.  The proposed Settlement Agreement represents a fair and equitable compromise of bona fide wage-and-hour disputes. This settlement follows litigation, including the sharing of records by experienced counsel representing both parties. The parties also engaged in settlement negotiations conducted by opposing counsel at arm's length. The parties understand that there are uncertainties and risks inherent in litigation. Neither liquidated damages nor success on the merits is guaranteed. Indeed, Dutta recognizes that, due to her education, training, and job duties, a significant possibility exists that she will be found exempt from minimum wage and overtime requirements, either on summary judgment or at trial.

12.  The parties understand the expense associated with prolonged litigation and have determined that it is in their mutual interests to resolve the wage-and-hour claims as set forth in the Settlement Agreement. This decision included evaluating the likelihood of prevailing on the

merits of Dutta's claims and BRS's defenses.  Dutta has considered the potential value of her wage-and-hour claims and has concluded that the proposed Settlement Agreement provides a fair and reasonable resolution of those claims.  BRS supports this result because it eliminates the uncertainties, risks, and cost of further litigation.

WHEREFORE, Anaya Dutta and Big River Steel LLC pray that the Court approve the proposed Settlement Agreement and dismiss the above-styled action with prejudice.

>Chris W. Burks
>WH LAW, PLLC
>1 Riverfront Pl., Suite 745
>North Little Rock, AR 72114
>Telephone: (501) 891-6000
>chris@whlawoffices.com
>
>*Attorneys for Ananya Dutta*
>
>E. B. Chiles IV, Ark. Bar No. 96179
>S. Katie Calvert, Ark. Bar No. 2019117
>QUATTLEBAUM, GROOMS & TULL PLLC
>111 Center Street, Suite 1900
>Little Rock, Arkansas  72201
>Telephone: (501) 379-1700
>Facsimile: (501) 379-1701
>cchiles@qgtlaw.com
>kcalvert@qgtlaw.com
>
>-and-
>
>Rodney M. Torbic (*pro hac vice*)
>United States Steel Corporation
>600 Grant Street, 18th Floor
>Pittsburgh, PA 15219
>Telephone: (412) 433-2990
>rmtorbic@uss.com
>
>-and-

4

Lenore Trammell (*pro hac vice*)
Big River Steel LLC
2017 E. State Highway 198
Osceola, AR 72370
Telephone: (870) 559-3123
ltrammell@bigriversteel.com

*Attorneys for Big River Steel LLC*